IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD OLSEN,
     Plaintiff,

vs.                                Case No.: 3:13cv156/RV/EMT

NORTHRUP GRUMMAN SYSTEMS, CORP., et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Defendants Northrop Grumman Systems Corp., Northrop Grumman Corp., and Northrop Grumman Administrative Committee's Motion to Dismiss and Supplemental Motion to Dismiss the Amended Complaint (docs. 5, 17). Plaintiff filed a Response in opposition to the motions (docs. 15, 20).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that Defendants' motion to dismiss should be granted.

I.     BACKGROUND

Plaintiff Ronald Olsen ("Olsen"), a non-prisoner proceeding pro se, initiated this action by filing a civil complaint in the Circuit Court in and for Okaloosa County, Florida, Case No. 2013-CA-1244, against his former employer Northrop Grumman Space & Mission Systems, Corp. ("NGSMSC") and Northrop Grumman Systems Corp. ("NGSC") (*see* doc. 6 at 6–8).[1, 2] Olsen's

---

[1] Defendant NGSC states NGSMSC no longer exists and merged into NGSC (*see* doc. 4; doc. 5 at 1 n.1).

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

complaint asserted breach of contract based upon Defendants' failure to pay pension benefits under the Northrop Grumman Space & Missions Systems Corp. Salaried Pension Plan ("Pension Plan") (*id.*). Defendants removed the state court action to federal court, arguing the federal court had subject matter jurisdiction, because the state law breach of contract claim was completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") (doc. 1).

On April 15, 2013, Defendants filed a motion to dismiss, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, contending Olsen's state law breach of contract claim was completely preempted by ERISA's remedial scheme set forth in 29 U.S.C. § 1132 and, therefore, subject to dismissal (doc. 5 at 1–5). Defendants additionally argued neither of them was a proper party to this action (*id.* at 5–6). They contended neither of them is a party to or an administrator of the Pension Plan; and the only party who may be held liable is the Northrop Grumman Administrative Committee ("NG Administrative Committee"), which is the administrator of the Pension Plan (*id.*). Defendants sought dismissal of the complaint without prejudice (*id.* at 6).

On April 29, 2013, Olsen filed a response to Defendants' motion to dismiss (doc. 8). He conceded his breach of contract claim was subject to ERISA (*id.* at 1). He argued Defendants were liable for nonpayment of retirement benefits, because the Pension Plan and the NG Administrative Committee are Defendants' agents (*id.* at 1–2). Olsen requested that the court deny the motion to dismiss and allow him to amend his complaint to add the Pension Plan, the NG Administrative Committee, and "City Street" as Defendants (*id.* at 2).[3]

The court provided Olson an opportunity to file an amended complaint (*see* doc. 13). Olsen did so, naming NGSC, Northrop Grumman Corp. ("NGC"), the NG Administrative Committee, and City Street as Defendants (doc. 16). Olsen states he is bringing an action for damages resulting from "a breach of contract of pension entitlements," and he requests judgment for "contract damages" (*id.* at 1–2). In Olsen's "addendum" to the Amended Complaint, he states this matter is "subject to the purview of ERISA" (*id.* at 3). He also states he included NGSC and NGC as Defendants, because they are principals of the NG Administrative Committee (*id.* at 4).

---

[3] Plaintiff describes "City Street" as the "computational authority for benefits and disbursement of funds" (*see* doc. 8 at 1).

Defendants NGSC, NCG, and the NG Administrative Committee filed a Supplemental Motion to Dismiss the Amended Complaint (doc. 17). Defendants NGSC, NCG, and the NG Administrative Committee contend the Amended Complaint is deficient, because it does not include a certificate of service (*id.* at 2). They additionally contend Olsen identified "the Administrative Committee" as a party, when the correct party name is Northrop Grumman Administrative Committee (*id.*). Defendants NGSC, NCG, and the NG Administrative Committee also contend that although Olsen concedes this case comes under the purview of ERISA, the Amended Complaint still alleges only state law breach of contract and seeks "a money judgment for contract damages," which is preempted by ERISA (*id.* at 3). Therefore, the Amended Complaint is subject to dismissal, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted (*id.*). Defendants lastly contend the only proper party to an ERISA civil enforcement action under 29 U.S.C. § 1132 is the NG Administrative Committee; therefore NGSC and NGC should be dismissed (*id.*).

In Olsen's Response to the Supplemental Motion to Dismiss, he states he is bringing his complaint under ERISA and "remands [his] original claim under state law for reasonable breach of contract to the purview of this court in its entirety" (doc. 20). With regard to Defendants' contention that he failed to include a certificate of service, he argues Defendants are filing users of the court's electronic case filing system and were notified that he filed his Amended Complaint (*id.* at 1–2). He additionally argues he is not required to file a certificate of service unless and until the court directs him to do so (*id.* at 2).

II.      ANALYSIS

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) (quoting 29 U.S.C. § 1001(b)). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Id.* (internal marks omitted). "ERISA's comprehensive legislative scheme includes an integrated system of procedures for enforcement." *Id.* (internal marks omitted).

"This integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans."[4]  *Id.*  "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Id.* at 209.

According to § 502(a)(1)(B), "[a] civil action may be brought—(1) by a participant or beneficiary—. . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  "This provision is relatively straightforward.  If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits."  Davila, 542 U.S. at 210.  "A participant or beneficiary can also bring suit generically to enforce his rights under the plan, or to clarify any of his rights to future benefits."  *Id.* (internal marks omitted).  It follows that if an individual brings suit complaining of a denial of pension benefits, where the individual is entitled to such benefits only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B).  *See id.*  "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a

_____

[4] As the Supreme Court observed,

> [t]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.  The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted . . . provide strong evidence that Congress did <u>not</u> intend to authorize other remedies that it simply forgot to incorporate expressly.

Davila, 542 U.S. at 208–09 (internal marks and citations omitted) (emphasis in original).

defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.*

In order for a court to find complete or super pre-emption, four elements must be satisfied: "a (1) relevant ERISA plan exists, under which a (2) plaintiff with standing is suing (3) an ERISA entity for (4) 'compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan.'" Ervast v. Flexible Products Co., 346 F.3d 1007, 1013 (11th Cir. 2003) (quoting Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999)); *see also*, Johnson v. Unum Provident, 363 F. App'x 1, 2 (11th Cir. 2009) (internal quotation marks omitted). As the Eleventh Circuit explained, "[f]ederal courts have subject-matter jurisdiction over state-law claims that have been superpreempted . . . ." Anderson, *supra* (internal quotation marks omitted). "Even if a claim is not subject to super preemption, it may be subject to 'defensive preemption,'" which "does not confer federal subject-matter jurisdiction over the claim, but . . . provides an affirmative defense that requires a federal court to dismiss the preempted state-law claim." *Id.* "Defensive preemption arises when claims "seek relief under state-law causes of action that 'relate to' an ERISA plan." *Id.* (internal quotation marks omitted).

In this case, Defendants argue Olsen's breach of contract claim is completely pre-empted. Olsen concedes his claim is "subject to the purview of ERISA" (*see* doc. 16 at 3), and states he "remands [his] original claim under state law for reasonable breach of contract to the purview of this court in its entirety" (*see* doc. 20). Upon review of Olsen's allegations in his Amended Complaint and the documents attached thereto, the undersigned agrees that Olsen's breach of contract claim is subject to super pre-emption. The parties do not dispute that the first factor for complete pre-emption is satisfied, that is, the Pension Plan at issue is an ERISA plan. Turning to the second factor, as a potential beneficiary of the Pension Plan, Olsen plainly has standing to sue under it. *See* Butero, 174 F.3d at 1212–13. Olsen's Amended Complaint and the documents attached thereto show that at one time he was a participant or beneficiary of the Pension Plan, and he submitted a request for a direct rollover/transfer of his lump sum pension benefits, but his request was denied. The third super pre-emption factor likewise is met, because an ERISA plan is at issue and Defendant NG Administrative Committee is an administrator of that Pension Plan. *See id.* at 1213. The fourth factor is also not at issue, because Olsen plainly seeks benefits under the Pension Plan and could have brought his claim

under § 502(a)(1)(B).  He also has not alleged a breach of duty independent of the Pension Plan.  The undersigned thus finds that Olsen's claim is completely preempted by ERISA.  *See, e.g.*, Fetterhoff v. Liberty Life Assur. Co., 282 F. App'x 740, 743 (11th Cir. 2008) (holding that any state-law claim of bad faith or breach of contract was completely preempted by ERISA); Gilbert v. Alta Health & Life Ins. Co., 276 F.3d 1292 (11th Cir. 2001) (holding that Alabama's tort of bad faith refusal to pay is not saved from preemption by ERISA's savings clause); *see also, e.g.*, Thomas v. Aetna Life Ins. Co., No. 3:12cv105/MCR/CJK, 2013 WL 172909, at *3 (N.D. Fla. Jan. 16, 2013) (holding that claims for breach of contract and bad faith are preempted by ERISA).

Olsen's breach of contract claim is also subject to defensive pre-emption.  Defensive pre-emption, which is broader than "super pre-emption," "defeats claims that seek relief under state-law causes of action that 'relate to' an ERISA plan."  *See* Butero, 174 F.3d at 1215 (ERISA defensive pre-emption "broadly 'supersede[s] any and all State laws insofar as they . . . relate to any [ERISA] plan'") (citing 29 U.S.C. § 1144(a)).  Although Congress did not define what it meant by state laws that "relate to" an ERISA plan, the United States Supreme Court has held that the words "relate to" are to be given their "broad common-sense meaning" of having "a connection with or reference to [a benefit] plan." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (quoting Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 139 (1985)); *see also* Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187–88 (11th Cir. 1997) (stating that "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits").  In the instant case, Olsen alleges breach of contract and contends that he is entitled to payment of pension plan benefits (doc. 16 at 1–2).  Therefore, Olsen's claim has a clear "connection with or reference to" the Pension Plan.  Accordingly, his breach of contract claim is also subject to defensive pre-emption and thus should be dismissed.  *See* Butero, 174 F.3d at 1212, 1215 (defensive preemption requires dismissal of state-law claims); *see also* Swerhun v. Guardian Life Ins. Co. of Am., 979 F.2d 195, 198–99 (11th Cir. 1992) (ERISA preempts state law breach of contract and bad faith claims).  Therefore, the Amended Complaint should be dismissed without prejudice to Olsen's filing a second amended complaint which asserts only a claim under§ 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

If Olsen chooses to file a second amended complaint asserting only an ERISA claim under 29 U.S.C. § 1132(a)(1)(B), he shall name as Defendant or Defendants only the party or parties that control administration of the Pension Plan. *See* Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); Hamilton v. Allen–Bradley Co., Inc., 244 F.3d 819, 824 (11th Cir. 2001) (a party other than the party identified in the plan as the plan administrator may be the proper defendant in an ERISA action if the party has "sufficient control over the process to qualify as the plan administrator notwithstanding the language of the plan booklet."). Additionally, Olsen must serve the second amended complaint in accordance with the Federal Rules of Civil Procedure. If he names a party who has not yet appeared in this action, he must serve that party in accordance with Fed. R. Civ. P. 4. *See* Fed. R. Civ. P. 5(a)(2). If he names a party who has appeared and is represented by counsel, he must effect service in accordance with Fed. R. Civ. 5(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Defendants NGSC, NCG, and the NG Administrative Committee's Motion to Dismiss and Supplemental Motion to Dismiss the Amended Complaint (docs. 5, 17) be **GRANTED**, and the Amended Complaint (doc. 16) be **DISMISSED without prejudice** to Plaintiff's filing a second amended complaint asserting only a claim under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B); and

2.      That the district judge establish a deadline for Plaintiff's filing a second amended complaint, and if Plaintiff does not file a second amended complaint by that deadline, dismissal of the Amended Complaint be with prejudice.

At Pensacola, Florida, this 12th day of August 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

  Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).